IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS BAUMGARDEN,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|   **v.** | )     **CAUSE NO. 04-CV-568-WDS** |
| | ) |
| **CHALLENGE UNLIMITED, INC.,** | ) |
| | ) |
|       **Defendant.** | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are the parties' motions in limine, to which responses have been filed. Upon review of the record, the Court rules as follows:

**A.**    **Defendant's Motion in Limine (Doc. # 51).**

1. Defendant first seeks to exclude any evidence of damages relating to wages, salary, employment benefits or other compensation denied or lost to plaintiff by reason of his claim that defendant violated the FMLA.

On October 26, 2004, plaintiff was adjudged by an Administrative Law Judge to be disabled as defined under the Social Security Act since January 8, 2003.

Defendant claims that this finding is significant because this is the date upon which plaintiff initially suffered the event that gave rise to the FMLA leave. Defendant argues that, pursuant to the findings of the Social Security Administration, plaintiff was unable to perform the work required of him in his job at Challenge Unlimited, Inc. as of January 8, 2003 to the present. Therefore, defendant asserts, plaintiff is not entitled to any damages or relief that arise out of employment he should or could have had with Challenge Unlimited because he was

totally and permanently unable to work, and that no evidence should be permitted in this trial with respect to any such damages pursuant to the FMLA.

Plaintiff, on the other hand, claims that the Court should prohibit any mention of the October 26, 2004 ALJ's Order regarding plaintiff's social security disability claim. Plaintiff argues that the ALJ's Order does not establish the elemental and crucial facts as they pertain to defendant's alleged FMLA violations and plaintiff's resultant harm or injury, and that, rather, the ALJ's Order only establishes facts necessary to adjudicate an award of disability benefits within the parameters of the SSA statute and regulations.

Plaintiff points to the Supreme Court's decision in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 119 S.Ct. 1597 (1999), which states that "the SSA and other similar disability statutes, such as the ADA, do not employ the same criteria in assessing an individual's ability to work. For example, the ADA envisions that someone with a disability may be able to work, but only with a reasonable accommodation (e.g., job restructuring, reassignment to a different position, part-time work, and so forth). The SSA, on the other hand, does not take potential accommodations into account in assessing one's ability to continue working." 526 U.S. at 803, 119 S. Ct. at 1602. The Court went on to hold that the "pursuit, and receipt, of SSDI benefits does not automatically estop a recipient from pursuing an ADA claim or erect a strong presumption against the recipient's ADA success." 526 U.S. at 805, 119 S. Ct. at 1603. See, also, *Haschmann v. Time Warner Entm't Co.*, 151 F.3d 591 (7th Cir. 1998).

Here, plaintiff applied for social security disability benefits in January 2003, but was denied. Defendant allowed him to return to work on April 28, 2003; plaintiff claims he was constructively discharged three months later on July 30, 2003. Plaintiff reapplied for disability benefits in August 2003 and his application was approved. The ALJ in its October 2004 Order

retroactively dated plaintiff's benefits to commence on January 8, 2003. Plaintiff argues that, as in *Cleveland*, his first application for disability benefits does not estop him from asserting he was harmed or injured by defendant's conduct between April 2003 and July 2003 when he returned to work from his FMLA leave. See, e.g., *Cleveland*, 526 U.S. at 804-05, 119 S.Ct. at 1603 ("an individual might qualify for SSDI under the SSA's administrative rules and yet... remain capable of performing the essential functions of her job" and "the SSA sometimes grants SSDI benefits to individuals who not only can work, but are working")(internal cite omitted). Defendant's own company-selected medical provider found plaintiff to be fit-for-duty on April 28, 2003, and concluded that he could return to work without restrictions.

The Court finds that plaintiff's claim for social security benefits does not preclude his FMLA claims. Accordingly, defendant's motion on this ground is **DENIED**.

2. Defendant next seeks to exclude any mention that the Court granted summary judgment in favor of plaintiff with respect to his claim that defendant violated the FMLA by not allowing plaintiff to return to work in March 2003, but instead requiring him to seek additional medical approval prior to returning to work. Plaintiff objects, claiming that the fact that defendant has already been found to have violated plaintiff's substantive rights with regard to its failure to reinstate plaintiff on March 10, 2003, is material to plaintiff's claim that his job duties were diminished. The Court agrees.

Defendant's motion on this ground is **DENIED**.

3. Finally, defendant objects to plaintiff's assertion in the Final Pretrial Order that he is claiming relief under the state law tort of retaliatory discharge. Specifically, the Final Pretrial Order states that plaintiff "seeks declaratory relief and actual, compensatory, nominal and punitive damages under the Illinois state tort claim of wrongful discharge."

3

There is no state law claim in the complaint. The Court first notes that plaintiff already attempted to amend his complaint to add state law tort claims (although not a claim for retaliatory discharge); that motion was denied by the magistrate judge.

Further, insofar as plaintiff now seeks to amend the complaint so as to include a state law claim for retaliatory discharge (in the form of constructive discharge) for the exercise of plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., the Court notes that a majority of courts have concluded, and this Court agrees, that the Illinois Supreme Court would refuse to extend the tort of retaliatory discharge to include claims based on the exercise of rights under the FMLA.[1]  See, e.g., *Sullivan v. Progressive Cas. Ins. Co.*, 2004 U.S. Dist. LEXIS 14322, at * 15-16 (N.D. Ill. July 27, 2004); *Hamros v. Bethany Homes and Methodist Hosp. of Chicago*, 894 F. Supp. 1176, 1179 (N.D. Ill. 1995); *Handel v. Belvedere USA Corp*., 2001 WL 1286842, at *3-4 (N.D. Ill. Oct. 22, 2001) (unreported) (citing cases).

Accordingly, defendant's motion on this ground is **GRANTED**.  Plaintiff shall be limited at trial to proving his claims of substantive violations of the FMLA, see, 29 U.S.C. § 2615(a)(1), and his claims of retaliation and constructive discharge under the FMLA, see, 29 U.S.C. § 2615(a)(2).  His damages sought shall be limited to those available under the FMLA, see, 29 U.S.C. § 2617, and may not include additional damages that may be available under state tort law such as, for example, punitive damages.

**B.**     **Plaintiff's Motion in Limine (Doc. #52).**

1.  Plaintiff seeks to exclude any mention of the October 26, 2004 ALJ's Order regarding

---

[1] Further, the Illinois Supreme Court has on at least one occasion declined to expand the tort of retaliatory discharge to include "constructive discharge", which is the basis for the retaliatory discharge claim alleged in this case. See, *Hartlein v. Illinois Power Co.*, 601 N.E. 2d 720, 730 (Ill. 1992); see also, *Handel*, 2001 WL 1286842, at *2 (citing cases in which Illinois Supreme Court criticized expansion of retaliatory discharge tort to include constructive discharge).

4

plaintiff's Social Security Disability Insurance. (See, discussion, *supra*, sec. A1).

Plaintiff claims that the ALJ's Order cannot assist but will only prejudice and confuse the jury as to how, when and to what degree plaintiff was harmed by defendant with regard to plaintiff's claim. As plaintiff claims, the findings of the ALJ provide no factual conclusions as to plaintiff's condition at the time he returned to work on April 28, 2003, nor do they compare his condition at that time to his condition at the time of his alleged constructive discharge on July 30, 2003.

In response, defendant claims that it does not intend to use the ALJ's order to demonstrate that the onset of the various conditions which led to the Social Security disability determination of plaintiff started on January 8, 2003; rather, the purpose of defendant offering into evidence the ALJ's determination is to support its contention that Plaintiff is not entitled to damages under the FMLA.

However, as the Court has already determined, a finding of disability as defined by the Social Security Act does not preclude plaintiff's FMLA claim.

Accordingly, plaintiff's motion on this ground is **GRANTED**, and defendant is barred from referring to the ALJ's Order of October 26, 2004, and plaintiff's January 8, 2003 application for Social Security Disability Benefits for purposes of proving the proposition that plaintiff was disabled as defined by the Social Security Act and therefore not entitled to damages under the FMLA.

2. Plaintiff seeks to exclude evidence of any grievance filed by him against any employee or agent of defendant that is unrelated to his FMLA claim. Defendant objects, and argues that grievances filed by plaintiff are probative and relevant to the proof of how defendant treated plaintiff upon his return to work following the FMLA leave. Defendant asserts that the

5

evidence will show that plaintiff was a chronic complainer and that he filed numerous grievances with regard to his employment, and that, accordingly, defendant took those grievances into consideration in attempting to reduce plaintiff's stress upon plaintiff's return to work.

The Court **GRANTS** plaintiff's motion on this ground subject to the following condition: All grievances filed by plaintiff may not come in automatically. If it is defendant's intention to show that it took into account prior grievances in deciding how to treat plaintiff upon his return to work, the defendant will be required to identify the specific grievances it considered.  The parties need to come to an agreement as to which, if any, grievances are relevant; if the parties cannot come to an agreement, the Court will determine on an individual basis which grievances are relevant to the issue of how defendant treated plaintiff, and why he was treated in such manner, upon his return from FMLA leave.

3.  Plaintiff seeks to exclude evidence of any absence or request for leave taken by plaintiff for time off work except for time relating to plaintiff's FMLA leave taken from January 8, 2003, to March 10, 2003, and for time relating to the company's mandate that plaintiff see his psychiatrist on a monthly basis.  In response, defendant argues that it may attempt to establish that plaintiff received time off when he requested it, and that this is relevant to show the pattern of  considerate treatment he received from defendant.  Defendant claims that this evidence is relevant to the defendant's state of mind in its treatment of plaintiff upon his return to work.

Plaintiff's motion on this ground is **GRANTED** subject to the following condition: Plaintiff's absences and approved leave requests may not come in automatically.  However, if plaintiff argues that defendant treated him poorly, the defendant may introduce such evidence to show the pattern of treatment plaintiff received from defendant.

4. Plaintiff seeks to exclude evidence of any allegations relating to plaintiff's mental health condition prior to January 8, 2003.

5. Plaintiff seeks to exclude any allegations relating to the specifics of plaintiff's nervous breakdown on January 8, 2003, other than to state that he commenced leave that day due to a nervous breakdown.

Defendant objects to both grounds 4 and 5; it claims that this evidence is relevant to the reasons behind its actions in restoring plaintiff to an equivalent position upon his return to work, specifically, that any changes in job duties were motivated in part by plaintiff's claims of stress, overwork, and physical and mental distress.

Plaintiff's motion on grounds 4 and 5 is **GRANTED** in part and **DENIED** in part as follows: The parties may discuss in general terms the plaintiff's mental health, including the fact of his mental breakdown; however, defendant is prohibited from discussing the specifics of plaintiff's nervous breakdown or details of his mental health condition without a further showing of the need for this evidence.

6. Plaintiff seeks to exclude evidence of or reference to his workers' compensation or unemployment compensation claims pertaining to defendant or any prior employer. Defendant has no objection.

Plaintiff's motion on this ground is **GRANTED**.

7. Plaintiff seeks to exclude any reference to records or documents or conduct regarding his employment that is of a disciplinary nature.

Defendant objects on the ground that such records are relevant to the extent that such records, documents or conduct had any influence on defendant's determination with regard to plaintiff's job duties when he returned from FMLA leave.

The Court cannot see how this evidence is relevant. The FMLA requires an employer to restore an employee to an equivalent position. If plaintiff's disciplinary record was an issue in determining plaintiff's job duties, it logically should have affected his job duties prior to his FMLA leave to the same extent it affected his duties upon his return.

Plaintiff's motion on this ground is **GRANTED.**

8. Plaintiff seeks to prohibit the mention or evidence of or reference to any records or documents not produced prior to trial.

Plaintiff's motion on this ground is **GRANTED** with the understanding that the Court may revisit this issue at trial should it become necessary.

9. Plaintiff seeks to bar evidence of or reference to defendant's status as a non-profit organization.

10. Plaintiff seeks to prohibit the mention or evidence of or reference to the nature of defendant's organization, including but not limited to any allegations that it employs or provides services either directly or indirectly for the disabled or handicapped or mentally or physically disadvantaged persons.

Defendant objects to both grounds 9 and 10, and claims that such evidence is relevant to the jury's consideration of how plaintiff was treated. Defendant asserts that it is entitled to argue that it considered plaintiff's claims of disability in trying to formulate job duties upon his return that would reduce the stress that caused the nervous breakdown in the first place, and that its recognition that it is in the business of helping disabled people was part of its motivation for its conduct toward plaintiff. The Court, however, is not persuaded that all of this evidence is relevant.

Plaintiff's motion on ground 9 is **GRANTED.** Plaintiff's motion on ground 10 is

8

**DENIED** to the extent that the Court will allow limited evidence as to the nature of defendant's business.

11. Plaintiff seeks to exclude all witnesses from the courtroom except for the parties to the suit, which is to include one representative agent for the defendant. Defendant has no objection.

Plaintiff's motion on this ground is **GRANTED.**

12. Plaintiff seeks to prohibit the mention or evidence of his ADA and ADEA claims that were dismissed by this Court. Defendant has no objection, so long as the Court also prohibits plaintiff from mentioning that the Court granted summary judgment in plaintiff's favor on a substantive violation of the FMLA. As determined above (see, *supra*, sec. A2), the Court will not prohibit the plaintiff from doing so; however, the Court finds that plaintiff's ADA and ADEA claims are irrelevant, and **GRANTS** plaintiff's motion on this ground.

13. Plaintiff seeks to prohibit the mention or evidence of his previous marriages or divorces, and to prohibit any mention or evidence of whether plaintiff has children as a result of any present or previous marriage or personal relationship. Defendant has no objection.

Plaintiff's motion on this ground is **GRANTED.**

14. Plaintiff seeks to prohibit the mention or evidence of or reference to the effects or results of a claim, suit or judgment upon the insurance rates, premiums or charges, either generally or as particularly applied to the defendant in this case, as a result of this or any other matter, and to prohibit the mention or evidence of or reference to the effects or results of a claim, suit or judgment upon the defendant's clients, employees, or servants or other persons or entities who receive services or benefits from defendant in any manner or in any form. Defendant has no objection.

Plaintiff's motion on this ground is **GRANTED.**

15.  Plaintiff seeks to prohibit the mention or evidence of or reference to any settlement negations made during the course of this litigation.  Defendant has no objection.

Plaintiff's motion on this ground is **GRANTED.**

16.  Plaintiff seek to prohibit the mention or evidence of or reference to this motion or any attempt by the plaintiff to exclude any evidence from trial.

Plaintiff's motion on this ground is **GRANTED**.

## CONCLUSION

Accordingly, the parties' motions in limine are **GRANTED** in part and **DENIED** in part as set forth in the body of the Order.  The parties are instructed to refrain from making any mention of the matters barred from evidence in the presence of the jury without first asking for leave of Court to do so, and further, to apprise their witnesses as to this ruling.

**IT IS SO ORDERED.**

**DATED: January 11, 2006**

                          **s/ WILLIAM D.  STIEHL**
                          **DISTRICT JUDGE**