IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS BAUMGARDEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 04-CV-568-WDS |
| | ) |
| **CHALLENGE UNLIMITED, INC.,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are plaintiff's motion for new trial and petition for attorney's fees, to which the defendant has filed responses.

**I.    Motion for New Trial**

In this case, plaintiff claimed, *inter alia*, that he was constructively discharged in violation of the Family and Medical Leave Act in that the defendant diminished his job duties and created such a hostile work environment upon plaintiff's return from his FMLA leave that he was forced to resign. After a three-day trial, the jury found in favor of the defendant and against the plaintiff on the single count of constructive discharge. Prior to trial, the Court granted plaintiff's cross-motion for summary judgment with respect to his claim that the defendant violated plaintiff's rights under the FMLA by requiring a fit-for-duty examination by a company-recommended psychiatrist prior to allowing plaintiff to return to work when plaintiff had been found fit to return to work by his own doctor. Rather than returning to work on March 10, 2003, plaintiff was not allowed to return to work until April 28, 2003. Plaintiff has now filed a motion for new trial, and takes issue with certain of the Court's evidentiary rulings during

trial.

Specifically, plaintiff takes issue with the Court's rulings that barred plaintiff from informing the jury that the Court granted plaintiff summary judgment on his claim that defendant violated the FMLA by failing to reinstate him to work March 10, 2003 through April 28, 2003, and barred all evidence that would establish that plaintiff was unlawfully prevented from returning to work on March 10, 2003. The Court found that such evidence, namely, that defendant had been found to have committed an FMLA violation, would unfairly prejudice the jury against the defendant with respect to the plaintiff's remaining claims, and overruled the plaintiff's objections on this issue.

"Under Rule 59(a), the district court must determine whether the verdict is against the weight of the evidence, the damages are excessive or insufficient, or if for other reasons the trial was not fair to the moving party." *Briggs v. Marshall*, 93 F.3d 355, 360 (7th Cir. 1996) (cite omitted).

Here, plaintiff claims that the Court's evidentiary rulings were substantially harmful and prejudicial to plaintiff, and interfered with his right to a fair trial in that he was consequently unable to show: (1) that defendant's unlawful barring of plaintiff constituted a continuing violation of the FMLA so as to impute FMLA protection to plaintiff during the period from March 10 to April 28, 2003; (2) that plaintiff was statutorily entitled to be reinstated on April 28, 2003, to the same or equivalent position that he held on January 8, 2003 (the day on which he commenced FMLA leave); and (3) that plaintiff's diminution in job duties that occurred during his unlawful bar from work were a direct result of defendant's FMLA violation.

To succeed on his claim for constructive discharge, plaintiff was required to prove that: (1) his working conditions were made so intolerable that a reasonable person in plaintiff's

position would be forced to resign; and (2) that the intolerable working conditions occurred as a result of plaintiff taking FMLA leave.

Plaintiff claims that the Court's rulings caused plaintiff to be unable to prove the second element; specifically, plaintiff claims that he "was unable to show that diminished job duties, which constituted his intolerable working conditions, were not just causally [sic] related to his FMLA leave, but intrinsically related to his FMLA leave since they constituted FMLA violations." (Doc. 72, p. 5). Plaintiff claims that the effect of the Court's rulings was to leave unexplained the March 10 to April 28, 2003 time period, in that plaintiff was only allowed to establish that he attempted to return to work March 10th but did not actually return to work until April 28th; and that absent evidence that defendant unlawfully barred plaintiff from work during that time, plaintiff's claim was destined to fail no matter whether the jury concluded that plaintiff returned from FMLA leave on March 10th or April 28th. Specifically, plaintiff argues:

> If the jury concluded that Plaintiff returned from FMLA leave on April 28, 2003, Plaintiff's claim would fail since, under the Court's evidentiary rulings, the admitted evidence could not show he was entitled to FMLA protection on that day. April 28, 2003 was 16 weeks post January 8, 2003, well outside statutory protection. It was obvious the jury was considering this statutory limit since they specifically asked during trial how many weeks were allowed under the FMLA and whether the Defendant had FMLA posters displayed at his work advising Plaintiff of his rights. The jury knew, either through their own experiences expressed during voir dire, through jury instruction, or through the questions the jury posed at trial, that the FMLA provided only 12 weeks of protected leave. The jury also knew that only an FMLA protected employee is entitled to be reinstated to the same or an equivalent position upon returning to work. Absent the material fact that he was unlawfully barred from work until April 28, 2003, the jury could not have found that Plaintiff was entitled to be reinstated to the same or an equivalent position and thus could not have found that his intolerable working conditions were causally related to his FMLA leave.
>
> If the jury concluded that Plaintiff FMLA leave ended on March 10, 2003, Plaintiff's claim would fair no better. April 28, 2003 was 1 ½ months after Plaintiff's FMLA leave. Under the Court's evidentiary rulings, the evi-

3

> dence would still not show he was entitled to FMLA protection on April
> 28, 2003. Again, absent evidence of Defendant's unlawful barring of
> Plaintiff from work, the jury could not have found that Plaintiff was
> entitled to be reinstated to the same or an equivalent position and thus
> could not have found that his intolerable working conditions were causally
> related to his FMLA leave.

(Doc. 7, p. 6). The Court disagrees. Here, the jury was made aware that plaintiff attempted to return to work on March 10, 2003, and was instructed by defendant that he was not permitted to return from leave at that time, and that, ultimately, he was cleared to return and did in fact return to work on April 28, 2003. There was no dispute before the jury as to whether plaintiff was returning from FMLA leave on April 28, 2003 or whether he was entitled to return to the same or an equivalent position; the issue before the jury was whether the defendant failed to reinstate plaintiff to the same or an equivalent position at the time he returned to work, and whether, upon plaintiff's return to work and as a result of him taking FMLA leave, defendant created such an intolerable working environment that plaintiff had no choice but to resign. The jury was instructed as follows:

> Plaintiff claims that beginning April 28, 2003, Defendant violated his
> FMLA rights by failing to reinstate him to his same or equivalent employ-
> ment position that he held on January 8, 2003, the date he commenced his
> FMLA leave.
>
> Plaintiff also claims that in violating the FMLA, Defendant created an
> intolerable working environment, thereby causing him to resign his
> employment position.

(See, Pl.'s Jury Instr. 29). Further:

> To succeed on his claim, Plaintiff must prove two things by a preponder-
> ance of the evidence.
>
> 1. Defendant made Plaintiff's working conditions so intolera-
>    ble that a reasonable person in Plaintiff's position would
>    have had to quit; and
>
> 2. Defendant would not have made Plaintiff's working condi-

4

>tions so intolerable had Plaintiff not taken FMLA leave but everything else had been the same.
>
>If you find that Plaintiff has proved both elements by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove one or both elements by a preponderance of the evidence, then you must find for Defendant.

(Def.'s Jury Instr. 6).

As defendant argues, prohibiting plaintiff from returning to work until April 28, 2003 is unrelated to the changes in his job duties upon his return. Moreover, as to plaintiff's claim that the Court's evidentiary rulings rendered him unable to prove to the jury that he suffered a diminution of job duties from March 10 to April 27 (while he was unlawfully barred from work), the jury was made aware that plaintiff attempted to return to work on the earlier date, but was not allowed to do so until April 28, 2003. In other words, while the jury was not made aware that plaintiff was *unlawfully* barred from work, the jury was aware that defendant did prohibit plaintiff from returning to work from his FMLA leave until April 28. The Court finds no error in its ruling barring plaintiff from advising the jury that defendant's requirement, that plaintiff have a company-authorized medical evaluation prior to his return to work, constituted a substantive violation of the FMLA.

Overturning a jury verdict is not something the Court may do lightly. *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 925 (7th Cir. 2000). Here, based upon the evidence adduced at trial, the Court finds that there is a reasonable basis for the jury's verdict in the record and that the plaintiff was not unduly prejudiced by the Court's evidentiary rulings. Accordingly, plaintiff's motion for new trial is denied.

II. **Petition for Attorney's Fees**

Plaintiff also seeks attorney's fees in the amount of $16,576.90 as a result of prevailing

5

on his claim that defendant violated plaintiff's FMLA rights by barring him from returning to work on March 10, 2003. According to the invoice submitted by the plaintiff in support of his petition, that amount appears to be the sum total of plaintiff's attorney's fees derived from this action in its entirety, for representation from January 6, 2003 through trial on January 18, 2006.

Under the FMLA, "[t]he court shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee... to be paid by the defendant." 29 U.S.C. § 2617 (a)(3). Here, there is no question, and defendant does not dispute, that the plaintiff did indeed prove a substantive violation of the FMLA in its cross-motion for summary judgment and is entitled to an award of attorney's fees based on his success in proving that violation. However, the defendant ultimately prevailed at trial on plaintiff's claim that he was constructively discharged by defendant. Accordingly, an award of attorney's fees in the amount sought by plaintiff for the cost of all representation is not reasonable; plaintiff is simply not entitled to all attorney's fees incurred by counsel in this action.

The Court first notes that plaintiff prevailed on a claim that was raised in his cross-motion for summary judgment, by order of the Court ruling on same. That motion was fully briefed by plaintiff on October 24, 2005. Plaintiff did not prevail on any other issue or at trial. Accordingly, at a minimum, plaintiff is not entitled to attorney's fees incurred after October 24, 2005. Further, plaintiff's petition seeks attorney's fees for, *inter alia*, more than seventy-five "telephone conferences," more than ten document, record or correspondence "reviews," sixteen "conferences with client," and fifteen "letters." There are also multiple entries related to "research" and "preparation." There is no way for the Court to determine from this invoice how many or which entries are related to the plaintiff's prevailing claim. Accordingly, the plaintiff shall file an amended invoice that includes only those fees related to the prevailing claim. The

Court is aware that this may present a difficult task in that certainly the prevailing claim was intertwined with the remaining claims. However, in light of the Court's finding that plaintiff is not entitled to an award based on all attorneys's fees incurred in this action, it is up to the plaintiff to prove the reasonable amount of fees to which he is entitled.

## CONCLUSION

Based on the foregoing, the Court **DENIES** plaintiff's motion for new trial (Doc. 72). The Court **RESERVES RULING** on plaintiff's petition for attorney's fees (Doc. 71). Plaintiff is directed to file, within 10 days of the date of this Order, an amended Invoice that includes only those attorney's fees incurred in proving plaintiff's prevailing claim, and to e-mail to chambers a proposed order granting the petition for attorney's fees, that shall include the revised amount of attorney's fees sought. Defendant shall have five days thereafter to file any objections to the amended Invoice.

**IT IS SO ORDERED.**

**DATED: March 3, 2006.**

                                        **s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**