IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DENNIS BAUMGARDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 04-CV-568-WDS** |
| | ) | |
| **CHALLENGE UNLIMITED, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for attorney's fees and amended invoice, to which defendant has filed objections. The facts of this case are set forth in the Court's March 3, 2006 Memorandum & Order, and familiarity with the facts is presumed.

Plaintiff filed a motion for attorney's fees, originally seeking $16,576.90 as a result of prevailing on his claim that defendant violated plaintiff's FMLA rights by barring him from returning to work on March 10, 2003. According to the original invoice submitted by the plaintiff in support of his petition, that amount represented the sum total of plaintiff's attorney's fees attributable to this action in its entirety, for representation from January 6, 2003, through trial on January 18, 2006. The defendant ultimately prevailed at trial on plaintiff's claim that he was constructively discharged by defendant. Accordingly, the Court found that an award of attorney's fees in the amount sought by plaintiff for the cost of all representation is not reasonable.

The Court concluded that because plaintiff prevailed on a single claim that was raised in his cross-motion for summary judgment, and not on any other issue or at trial, plaintiff is not

entitled to attorney's fees incurred after October 24, 2005 (the filing of said motion). The Court further noted that plaintiff's petition seeks attorney's fees for, *inter alia*, more than seventy-five "telephone conferences," more than ten document, record or correspondence "reviews," sixteen "conferences with client," and fifteen "letters," and that there was no way for the Court to determine from that invoice how many or which entries were directly related to the plaintiff's prevailing claim. Accordingly, the Court directed plaintiff to file an amended invoice that includes only those fees related to the prevailing claim.

Plaintiff has filed his amended invoice, now seeking attorney's fees in the amount of $10, 319.80. He essentially claims that all conferences and general preparation delineated on the amended invoice were necessary in pursuit of each element of the case, and that he would not have prevailed on the cross-motion for summary judgment without those activities. He also seeks reimbursement for the depositions of two doctors, Dr. Rifkin and Dr. Navin. Defendant objects to the nonspecific nature of the amended invoice entries, as well as to plaintiff's claim for reimbursement for the doctors' depositions.

Upon review, the Court finds that plaintiff is not entitled to attorney's fees related to the depositions of the two doctors. Dr. Rifkin was an expert on plaintiff's medical condition, and Dr. Navin was an economist who would have testified regarding lost wages. Neither doctor was necessary to plaintiff's prevailing claim. From what the Court can glean from the amended invoice entries, this will reduce plaintiff's demand by $2,919.90,[1] to a total of $7,399.90.

Based on the entries included in the amended invoice through the time of the preparation of the cross-motion for summary judgment, it appears that plaintiff arguably spent approximately

---

[1] The charges included in the reduction are as follows: April 13, 2005, $75.00 and $50.00; May 5, 2005, $125.00; May 11, 2005, $812.00, $122.00, $627.50, $62.00, and $125.00; May 12, 2005, $125.00, $375.00, $209.25; June 29, 2005, $150.00; July 6, 2005, $62.15.

$2,425.00 specifically in preparation of the cross-motion for summary judgment and response to defendant's motion for summary judgment.[2]  Accordingly, a reasonable amount of attorney's fees falls somewhere in between $2,425.00 and $7,399.90.  The Court is mindful of the difficulties faced by plaintiff in specifying which charges directly relate to his prevailing claim; however, the Court finds that it is not reasonable to award all remaining charges ($7,399.90) to the plaintiff without greater specificity of entries included in the amended invoice.  The Court will clearly allow plaintiff to recover for charges directly related to the cross-motion for summary judgment and response  in the amount of $2,425.00, and will also allow plaintiff to recover for various charges, in the amount of $937.50,[3] related to preparing and filing the complaint and bringing this action, but without more specificity, the Court will not allow recovery of any further charges.

For reasons stated above, the Court **GRANTS** in part and **DENIES** in part plaintiff's motion for attorney's fees.   Plaintiff is **AWARDED** $3,612.50 in attorney's fees.

**IT IS SO ORDERED.**

**DATED: March 17, 2006.**

              **s/ WILLIAM D.  STIEHL**
              **DISTRICT JUDGE**

---

[2] The charges included in that calculation are as follows: October 7, 2005, $375.00; October 14, 2005, $250.00, $75.00, $500.00, and $125.00; October 17, 2005, $37.50 and $187.50; October 18, 2005, $12.50, $25.00, and $25.00; October 15-21, 2005, $500.00; October 21, 2005, $187.50; October 24, 2005, $125.00.

[3] These charges include the following entries: August 12, 2004, "Complaint", $250.00 and "Preparation of Civil Cover Docket Sheet", $62.50; October 1, 2004, "Preparation of Summons", $125.00.  The Court will also allow an additional recovery in the amount of $750.00 for general preparation.